UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF LOUISIANA

HARRIET H. ROUHANA                             CIVIL ACTION

VERSUS                                         NO: 07-5216

GREAT NORTHERN INSURANCE                       SECTION: J(4)
COMPANY, ET AL

                            **ORDER AND REASONS**

    Before the Court is **Defendant Fidelity National Insurance Company's Motion for Summary Judgment (Rec. Doc. 11)**.  Defendant, a Write-Your-Own Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP"), claims that Plaintiff is not entitled to recover any U.S. Treasury benefits pursuant to her Standard Flood Insurance Policy ("SFIP") because Plaintiff failed to comply with the SFIP's conditions precedent to the recovery of U.S. Treasury funds, specifically, Plaintiff failed to file a timely, signed, and sworn proof of loss.

    This motion, which is opposed, was set for hearing on July 23, 2008 on the briefs.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the

reasons set forth below, that Defendant's motion should granted.

## Background Facts

Plaintiff's lawsuit arises out of flooding caused by Hurricane Katrina. Plaintiff submitted a claim for benefits under her SFIP to Defendant for flood damages to her properties located at 2009 Palmer Avenue, New Orleans, Louisiana, and 3000 Calhoun Street, New Orleans, Louisiana. Defendant tendered funds to Plaintiff following its review of the adjuster's report. Believing she was entitled to additional payments under her SFIP, Plaintiff filed suit.

## The Parties' Arguments

Defendant claims that Plaintiff is not entitled to recover any U.S. Treasury benefits pursuant to her SFIP because Plaintiff failed to comply with the SFIP's conditions precedent to the recovery of U.S. Treasury funds. Namely, Plaintiff not only failed to timely submit a signed and sworn proof of loss, but she also failed to provide any documentation in support of additional payments under her SFIP prior to the filing of her lawsuit.

In addition, Defendant argues that state law claims asserted by Plaintiff are preempted and barred by federal law. See <u>Wright v. Allstate Ins. Co.</u>, 415 F.3d 384 (5th Cir. 2005). Finally, Defendant argues that Plaintiff's claim for interest is not allowed in claims arising under the NFIP. See <u>In re: Estate of Lee v. National Flood Insurance Program</u>, 812 F.2d 253 (5th Cir.

1987).

In opposition, Plaintiff states that "with regard to the failure to submit a proof of loss, [Plaintiff] submitted numerous documents to the adjuster indicating that she was underpaid on her flood insurance claim."

## Discussion

Under Federal Emergency Management Agency ("FEMA") regulations, strict adherence is required to all terms of the SFIP.  44 C.F.R. §§ 61.13(a), (d), (e).  The SFIP provides that within 60 days after the loss (or within any extension authorized by FEMA), the claimant must file a signed and sworn Proof of Loss listing . . . (1) "the actual cash value . . . of each damaged item of insured property . . . and the amount of damages sustained," and (2) "the amount ... claim[ed][as] due under [the] policy to cover the loss . . . ."  Id.; 44 C.F.R. Pt. 61 App. A(1), Art. IX, ¶ J(3).  Forman v. Federal Emergency Management Agency, 138 F.3d 543, 545 (5th Cir. 1998).

The requirements for submitting proof of loss are detailed in 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4):

> Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
>
> a. The date and time of loss;
>
> b. A brief explanation of how the loss happened;
>
> c. Your interest (for example, "owner") and the

>        interest, if any, of others in the damaged property;
>
>        d. Details of any other insurance that may cover the loss;
>
>        e. Changes in title or occupancy of the covered property during the term of the policy;
>
>        f. Specifications of damaged buildings and detailed repair estimates;
>
>        g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
>
>        h. Details about who occupied any insured building at the time of the loss and for what purpose; and
>
>        I. The inventory of damaged personal property described in J.3.above.

As the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced, an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim.  Gowland, 143 F.3d at 954.

In Gowland, the Court stated "it is clear that giving notice of loss and providing a sworn proof of loss statement are separate and distinct requirements of the policy."  Id. at 954. Although the Gowlands provided notice of loss through their agent, they never filed a formal proof of loss statement as required by the flood policy.  Id.  As a result, the Court affirmed the grant of the insurer's motion for summary judgment.

More recently, the Fifth Circuit in Richardson v. American

<u>Bankers Insurance Company of Florida</u> similarly held that because the plaintiff in that case failed to submit a sworn proof of loss within one year of the date of his loss, the suit was precluded as a matter of law.  2008 WL 510518 (5th Cir. Feb. 27, 2008).  As a result, the failure of Plaintiff herein to submit a sworn proof of loss is fatal to her action.

As for Plaintiff's extra-contractual claims, the Fifth Circuit has held that the National Flood Insurance Act does not create a cause of action against NFIP insurers for fraud or negligent misrepresentation and does not allow recovery of costs, attorneys' fees, or interest.  See <u>Wright v. Allstate Ins. Co.</u>, 500 F.3d 390 (5th Cir. 2007); <u>In re Estate of Lee</u>, 812 F.2d at 256.  Accordingly,

**IT IS ORDERED** that **Defendant Fidelity National Insurance Company's Motion for Summary Judgment (Rec. Doc. 11)** is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's **Ex Parte Motion to Continue Trial (Rec. Doc. 14)** is hereby **DENIED** as moot.

New Orleans, Louisiana, this 23rd day of July, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE